## THE KING vs. GEORGE SHERMAN, indicted for murder in the second degree.

Where an officer is resisted he may repel force by force, and he will be justified in so doing, even if death should ensue; yet he ought not to come to extremities upon every slight interruption, nor without a reasonable necessity.

Gaolers, like other ministers of justice, are bound not to exceed the necessity of the case in the execution of their official duties.

CHIEF JUSTICE LEE, after stating the facts of the case, as they appeared in evidence, charged the jury in substance as follows:

There can be no question that there was a killing in this case from a severe blow on the head; but it is said by the accused that the blow was not dealt by him, but was inflicted by a brickbat, thrown by one of the fellow prisoners of the deceased. The evidence leaves little room to doubt that the blow was inflicted by a club, wielded by Sherman, though it was barely possible that it might have been given by a brick. If you so find, the next question is, was there any malice aforethought in the act ? If there was, then the killing was murder. If not, if the blow was given under the sudden impulse of passion, excited by provocation, or if there is any legal extenuation for it, then it is reduced to manslaughter. The evidence shows that Sherman was about leaving the fort to see his family, when he was called to the cell to quell the disturbance. He went there, no doubt, in the discharge of a legal duty, free of malice, and it is for you to determine whether his subsequent conduct was such as affords evidence of malice.

But it is said that Sherman was doing nothing more than a lawful act in quelling this disturbance, that he was in the strict path of duty —repelling force by force—and that even allowing he killed Burns, he did it in self defense, and the killing is a justifiable homicide. It is true, that gaolers, constables, and police officers, have most difficult and trying duties to perform; and when they are in the execution of their offices they are specially protected by law; but they must beware that they do not misconduct themselves in the discharge of their duty, on pain of forfeiting such protection. Where an officer is resisted he may repel force by force, and he will be justified in so doing, even if death should ensue; yet he ought not to come to extremities upon every slight interruption, nor without a reasonable necessity. Great caution should be exercised by such officers lest in the discharge of a lawful duty, they proceed by means which are criminal and improper, and exceed the bounds of their authority. So long as an officer proceeds in a proper and legal manner, the law will justify him, be the consequences of his acts what they may; but the moment he exceeds the limits of his authority, the law withdraws the shield of its protection. Gaolers, like other ministers of justice, are bound not to exceed the necessity of the case in the execution of their official duties; and therefore, if you find that Sherman used an undue degree of force in this case—that he dealt the blow when not acting in self defense, it was a base and cowardly act, for which he should answer, and the least we can call it is murder in the second degree, or manslaughter. Because a man is appointed to the office of gaoler, it will not justify him in becoming a brute.

The jury after a short absence returned a verdict of guilty of manslaughter, one juror dissenting, and finding justifiable homicide.